STATE upon the relation of WILLIAM H. HOWERTON *et al.* *vs.* S. McD TATE *et al.*

1. Whether a mandamus can be used to try the title to an office, under any circumstances, *quere.**

2. But, not being being provided for by the C. C. P., it must by virtue of sec. 392, C. C. P., be governed by the former practice, and hence must be moved for, and be made returnable in *term time.*

This was an application made to his Honor Judge Cloud, *in vacation,* for a mandamus to try the alleged right of the relators, to the office of Directors, in the Eastern Division of the Western North Carolina Railroad Company. But it is deemed unnecessary, to set forth the facts bearing upon the claim made, as the case went off upon a question of practice. His Honor, granted an order for an alternative mandamus, on the 2d of December, 1871, returnable before himself, on the 8th day of January, 1872, at Salisbury. When and where the defendants appeared, and through their counsel moved to quash the proceedings on four grounds, viz:

1. That it should have been commenced by summons.

2. That they should have been begun in, or have been made returnable to term time.

3. That no facts sufficient, &c., were set forth in the petition.

4. That mandamus was not the appropriate remedy.

His Honor sustained the motion, and ordered the proceedings to be quashed, from which order the relators appealed.

---

* In the later case of J. J. Mott *et al. vs.* S. McD. Tate *et al.* involving the same points, and, therefore, not reported, this Court held that " mandamus is not the appropriate remedy for the case made by the petition and complaint," [which are confined alone to the assertion of a claim of title to an office.—*Atto. Genl.*] The remedy is by an action in the nature of a writ of *quo warranto* provided for C. C. P., sec's 366, 368, and 369.

*Fowle, Blackmer & McCorkle,* and *W. H. Bailey,* for appellants.

*Phillips & Merrimon,* and *David Coleman,* for the appellees.

PEARSON, J. Supposing the writ of mandamus to be the proper remedy, which we do not concede, C. C. P., sec. 366 & 367, (see *Clark* v. *Stanly,* at this term,) the proceeding was not properly instituted. The order for the writ must be made in term time, and be returnable in term time. It was conceded, such was the practice, under the old system ; but it was insisted that the C. C. P. had made a change. We do not think so. It is not an ordinary civil action, or a special proceeding, if so, it should have been commenced by summons, but it is neither an ordinary civil action, nor a special proceeding, to be returned before the Clerk.

It is a high prerogative writ, embraced under sec. 392, " If a case shall arise, in which an action for the enforcement, or protection of a right, or the redress or prevention of a wrong, cannot be had under this Act, the practice heretofore in use, may be adopted so far as may be necessary to prevent a failure of justice.

THERE IS NO ERROR.                    Judgment affirmed.