MARTIN v. CLARK.

(Filed April 26, 1904).

1. MANDAMUS—*County Commissioners—Counties—Const. N. C., Art. 14, sec. 3.*

A mandamus will lie to compel a county treasurer to pay a warrant out of a specific fund, the warrant having been drawn by the county commissioners.

2. PROCESS—*Summons—Jurisdiction—At Chambers.*

Where a summons is improperly made returnable before the judge at chambers, he should not dismiss the action, but transfer it to the civil issue docket.

ACTION by S. M. Martin against W. D. Clark, heard by *Judge W. R. Allen,* at Chambers, December, 1903. From a judgment for the plaintiff, the defendant appealed.

*W. A. Cochran,* for the plaintiff.
*R. T. Poole,* for the defendant.

CONNOR, J. The commissioners of Montgomery County issued a warrant upon the treasurer for the sum of $600 payable to the plaintiff "on building bridge at Martin's mill, to be paid out of the special tax funds." The order was presented to the treasurer, who refused to pay it. Thereupon the plaintiff began this action by issuing a summons returnable before the Judge at chambers. In his complaint and in his reply to the defendant's answer, the plaintiff alleges that the defendant treasurer has in his hands, subject to said warrant, an amount more than sufficient to pay the same. He asks that a *mandamus* issue directing and commanding the defendant to pay said warrant. The defendant demurred to the complaint for that the plaintiff's

alleged cause of action was "a money demand," and that
the summons should have been returnable to the regular
term. The Court overruled the demurrer and the defend-
ant excepted. He thereupon filed an answer. The defend-
ant moved in this Court to dismiss the action for the same
cause as that set out in his demurrer.

While the authorities are not entirely clear, we think the
action was properly brought. The warrant or order directs
the payment of a specific amount out of specific funds, "the
special tax funds." The treasurer is a ministerial officer
charged with the duty of holding the public funds and paying
them out on the warrant of the commissioners. This Court,
in answer to the same objection made in *Bearden v. Fullam*,
129 N. C., 477, said: "This is a proceeding, not to litigate
a matter to obtain a judgment for money, not to ascertain
the defendant's liability on an issue of whether he is
indebted to the plaintiffs or not, but to compel a public offi-
cer to deposit public funds in his hands in a public deposi-
tory. It is not a money demand in the sense in which that
word is used in the statute." The commissioners having
audited and allowed the claim and having issued a warrant
for its payment by the treasurer out of a specific fund, it is
his duty to do so, provided he has such funds in his hands
applicable to such claim. The law commits to the Board of
Commissioners the power and duty of auditing and passing
upon the validity of claims. If they refuse to audit or act
upon a claim, *mandamus* will lie to compel them to do so.
*Bennett v. Comrs.*, 125 N. C., 468. If after the hearing
they refuse to allow or issue a warrant for its payment, an
action will lie against the commissioners to establish the
debt and for such other relief as the party may be entitled
to. *Hughes v. Comrs.*, 107 N. C., 598. If, however, the
summons was improperly made returnable before the Judge
at chambers, he should not dismiss the action but transfer

it to the civil issue docket for trial, making such amendments to process and pleadings as might be necessary. *Ewbank v. Turner,* 134 N. C., 80. His Honor properly ordered the alternative *mandamus* to issue with the order to the defendant to show cause at the next term of the Superior Court why a peremptory writ should not issue. The judgment is but an order to show cause and can do no possible harm to the defendant. If he shall show that he has no money in hand applicable to the order, or that the special tax is by law applicable to some other purposes, or any other good and lawful reason for not paying the warrant, the Court will refuse the peremptory *mandamus* and the plaintiff will proceed as he may be advised. It cannot be within the power or duty of the treasurer of the county to refuse to pay a county order issued by the Board of Commissioners because he does not think it a just or lawful claim, or for any other reason, which has been passed upon by the board, and within its power to act. It is different with the State Treasurer. He may refuse to pay a warrant of the Auditor if it appear that the law under which it is issued is unconstitutional, or the claim not within the terms of the statute. Constitution, Art. XIV, section 3. If the county treasurer deem the warrant drawn in contravention of a constitutional provision or limitation he should refuse to pay it. If the Court should so adjudge upon the return to an alternative *mandamus,* no peremptory writ would issue. The judgment is

Affirmed.