SOUTHERN AUDIT COMPANY v. M. G. McKENSIE, Treasurer.

(Filed 22 April, 1908).

1. **Constitutional Law — Legislative Powers — County Commissioners—County Funds—Power Given Other County Agencies.**

The Legislature has constitutional power to provide a board of audit and finance for a particular county and to direct that payment of an expert accountant authorized thereunder be made by the County Treasurer as a charge against the county's public funds, upon an order made by said board in a certain prescribed manner. Such power is derived under Article VII, sec. 2, of the State Constitution, providing that the county commissioners shall have control of the county's finances "as may be prescribed by law," taken in connection with section 14 thereof, giving full power to the General Assembly to modify, etc., the provisions of this article and to substitute others, etc.

2. County Treasurer—Refusal to Pay County Funds—Proper Order—
Mandamus.

Upon refusal of a County Treasurer to pay from the public
funds of a county an order made on him by a board of audit and
finance for the payment of moneys authorized and prescribed by
a legislative enactment a *mandamus* will lie.

3. Mandamus — Jurisdiction — Chambers — No Money Demand —
County Treasurer.

A Judge of the Superior Court has jurisdiction at chambers,
and it is his duty to hear and determine proceedings for a *man-
damus* to compel the payment by ·a County Treasurer, admitting
he had funds sufficient, of an order made by a county board of
audit and finance under authority of a legislative enactment.
This was not a money demand within the meaning of Revisal, sec.
824, as there were no issues of fact to be tried by a jury.

4. Mandamus—Duty of County Treasurer.

It is not within the power of a County Treasurer to refuse to
pay moneys upon a proper order when he has funds sufficient and
applicable, and his knowledge as to whether they were due to the
one to whom payment was ordered is immaterial in proceedings
for a *mandamus* to compel him to pay.

5. Board of Audit and Finance—Authority to Employ Expert—Scope
of Employment.

When the act creating a board of audit and finance for a county
provides for their compensation for only ten days in any one year
at a certain sum per day, and general power is given it to employ
an expert accountant and fix his compensation, to be paid from
the public funds, etc., it is not thereby required that his work be
performed within the time limit prescribed for the members of
the board or that his compensation be limited to any particular
amount *per diem.*

6. Mandamus — Alternate Writ Unnecessary, When — Peremptory
Writ—Supreme Court.

When upon the proceedings for a *mandamus* the defendant has
already had a full opportunity for showing cause why a per-
emptory writ should not issue, which cause was held sufficient by
the lower court, but reversed on appeal, and there is no practical
use of an alternate writ, the defendant having set up in his an-
swer every reason why a peremptory writ should not issue, such
writ may be adjudged by the Supreme Court to issue from the
proper Judge of the Superior Court upon application at chambers.

ACTION heard by *Jones, J.,* at chambers, from ROBESON,
19 December, 1907.

This action was brought for a *mandamus*. The summons was returned before the Judge at chambers on 7 December, 1907.

By chapter 488 of the Public Laws of 1907 the Legislature created a "Board of Audit and Finance of Robeson County," consisting of three members, to investigate and report upon the condition of the finances of the county, to examine the accounts of the county officers and to perform other duties therein enumerated. It is further provided in said act as follows (section 9) : "Said Board of Audit and Finance shall have power, if necessary, to employ counsel to prosecute any public officer or to advise it upon matters of law: *Provided,* that the total compensation for attorney's fees shall not exceed the sum of one hundred dollars ($100) in any one year. Said board shall also have power and authority, if necessary, to employ an expert accountant to assist in any of its inquiries and investigations as herein provided." Section 11: "That the compensation of said board and the expenses and disbursements thereof as herein provided shall be paid out of the public funds of the county of Robeson upon the order of the chairman of the said Board of Audit and Finance, attested by the secretary of said board; and the Treasurer of Robeson County is hereby *authorized and directed* to pay the same upon presentation to him, and charge the same against the public funds of Robeson County." Section 10 provides that the members of the board shall receive as compensation for their services $5 per day for not more than ten days in any one year.

The plaintiff, a corporation, was employed by the said board as an expert accountant and served as such for sixty-four days; for which service the board allowed it as compensation the sum of $960 and issued an order to the defendant as Treasurer of the county to pay it that amount. The Treasurer refused to pay the order, and the plaintiff thereupon brought this action. In the complaint it alleges substantially

the foregoing facts.    The defendant answered the complaint
and admitted that the order had been issued and. that he had
funds in his hands sufficient to pay the same.    He denies
having any knowledge or information sufficient to form· a
belief as to whether the board employed the plaintiff as an
expert or as to whether it performed any services as such or
as to the amount due it for any such service.    He avers that
the Board of County Commissioners has never passed upon
the claim of the plaintiff or ordered it to be paid, and that
he has no authority to pay the same until. it is audited and
allowed by the commissioners, but that he was notified and
instructed by the said commissioners not to pay an order of
the Board of Audit and Finance issued to anyone for services
rendered as an expert accountant under the said act, and that
plaintiff's agent was duly notified of this instruction.    He
further avers "that he has been further instructed by said
board to defend this action and he has filed this answer for
the sole purpose of protecting the public funds of the county
of Robeson under his instructions, and for the further pur-
pose of determining and having settled the power and au-
thority of the said Board of Audit and Finance of the County
of Robeson to direct the payment of orders out of the public
funds of Robeson County without the approval of the Board
of Commissioners of said county, and also for the purpose of
protecting himself from possible liability on account of any
payment which should be made by him under such order;
that this answer is filed for the purpose of determining the
legality of the said order and not otherwise.    If the court
holds the said order to be proper and lawful and that the same
should be paid by this defendant out of the public funds of
the county of Robeson, the same will be promptly paid and
all the orders of the court carried out."

When the cause came on for hearing before the Judge, upon
the plaintiff's motion for a *mandamus* and the defendant's
motion to dismiss the action, he made the following order:

"This cause coming on to be heard, and being heard upon the written motions of defendant filed and the pleadings and affidavits, the motion of defendant to dismiss the action is denied, but the motion to transfer the cause at chambers to the Superior Court in term is allowed, when and where the defendant will appear and show cause why a peremptory *mandamus* shall not issue compelling the defendant to make payment of plaintiff's claim set out in the complaint."

The plaintiff excepted and appealed.

*Morrison & Whitlock* for plaintiff.
*McIntyre, Lawrence & Proctor* for defendant.

WALKER, J., after stating the case: The first question to be considered is the one raised in the defendant's answer, that the act of 1907 creating a board of audit and finance is in violation of Article VII, sec. 2, of the Constitution, which provides that the county commissioners shall have general supervision and control of the finances of the county "as may be prescribed by law." It is therefore insisted that the Legislature had no power to authorize the payment of money by the County Treasurer to anyone except upon the order of the commissioners. The answer to this contention is that the supervision and control of the commissioners must by the express terms of section 2, Article VII, be exercised "as may be prescribed by law," and section 14 of the same article provides that "The General Assembly shall have full power by statute to modify, change or abrogate any and all of the provisions of this article and substitute others in their place, except sections 7, 9 and 13." Section 14 has recently been construed in *Smith v. School Trustees,* 141 N. C., at p. 157, in which *Justice Hoke,* for the Court, says: "The language of section 14 is very broad in its scope and terms, and the Supreme Court in construing the section has declared that it is not necessary, to effect changes in municipal government, that an act for the purpose should be general in its operation

147—30

or that it should in terms abrogate one article or substitute another in its stead, but that an act of the General Assembly making such change and local in its operation must be given effect under this amendment, if otherwise valid." After declaring this as a principle of construction, the Court, in *Harris v. Wright,* 121 N. C., 179, further holds as follows: "In 1875 a constitutional convention amended Article VII in these words: 'The General Assembly shall have full power by statute to modify, change or abrogate any and all the provisions of this article and substitute others in their place, except sections 7, 9 and 13.' Thus was placed at the will and discretion of the Assembly, the political branch of the State Government, the election of court officers, the duty of county commissioners, the division of counties into districts, the corporate power of districts and townships, the election of township officers, the assessment of taxable property, the drawing of money from the county or township treasury, the entry of officers on duty, the appointment of justices of the peace, and all charters, ordinances and provisions relating to municipal corporations." The act is therefore valid as being within the legislative power.

When the plaintiff seeks relief by *mandamus* "other than the enforcement of a money demand" the statute requires that the summons shall be returnable before a Judge of the Superior Court at chambers or in term, on a day to be specified, not less than ten days after a service of the summons and complaint upon the defendant, at which time the court, except for cause shown, shall proceed to hear and determine the matter, both as to the law and the facts, provided that if an issue of fact is raised by the pleadings it shall on motion of either party be referred to a jury. Revisal, sec. 824. If the relief asked by the plaintiff in this case was not the enforcement of a money demand the Judge had jurisdiction of the case at chambers, and it was his duty to hear and determine the case, and his order transferring it to term was consequently erro-

neous. It is evident that the transfer was not made for the purpose merely of continuing the case to be heard at a more convenient time for good cause shown, but because the Judge was of the opinion that he could not take cognizance of the case at chambers except for the purpose of making the transfer. In this ruling there was error. In *Martin v. Clark,* 135 N. C., 178, we held that the Judge had jurisdiction at chambers of an application for a *mandamus* to compel a County Treasurer to pay an order of the county commissioners out of a specific fund which was designated in the order, it not being a money demand within the meaning of The Code, sec. 623; Revisal, sec. 824. The reason assigned for the decision is that the Treasurer is a ministerial officer, who is charged with the duty of holding the public funds and paying them out on the warrant of the commissioners. "The commissioners having audited and allowed the claim and having issued a warrant for its payment by the Treasurer out of a specific fund, it is his duty to do so, provided he has such funds in his hands applicable to such claim." In that case there was a transfer of the cause by order to term, but for the declared purpose of trying certain issues raised by the pleadings. This was, of course, held to be proper, as it was according to the express terms of the statute. In our case, however, there is no issue of fact to be tried. All the facts necessary to entitle the plaintiff to the relief demanded have been admitted. It is true the defendant denies that he has any knowledge or information sufficient to form a belief as to whether the particular services to pay which the order was issued were in fact rendered, but it is immaterial whether he has such knowledge or not. "It cannot be within the power or duty of the Treasurer of the county to refuse to pay a county order issued by the Board of Commissioners, because he does not think it a just or lawful claim or for any other reason, which has been passed upon by the board and within its power to act." *Martin v. Clark,* 135 N. C., 180. Indeed,

the defendant admits that he has sufficient funds in his hands
with which to pay the claim, and that he filed his answer for
the purpose of ascertaining what is his legal duty in the
premises and to protect himself against a wrongful payment.
He cannot attack the order collaterally by merely denying
that he has any knowledge of the transactions upon which it
was based, no fraud or other illegality being alleged.   The
act required the Board of Audit and Finance to determine
what the compensation of the expert should be, and, in the
absence of any sufficient averment that they have acted be-
yond their power or that the order was fraudulently or im-
properly obtained, their decision is at least *prima facie* cor-
rect, if not conclusive.   It certainly cannot be impeached by
a mere technical denial that the services in payment of which
it was given were in fact rendered.

The fact that the members of the Board of Audit and
Finance are allowed by the act compensation for only ten
days in any one year at $5 a day does not require that the
work of the expert accountant employed by the board shall
be performed within that time, or limit his compensation to
any particular amount *per diem* not exceeding ten days.   The
general power is given to employ an expert accountant and
fix the compensation for his services, to be paid from the pub-
lic funds, and for which an order may be issued by the board
directly to the Treasurer and without the supervision or ap-
proval of the county commissioners.   As the official conduct
of the county commissioners and the management of the
affairs of the county by them were within the scope of the
investigation permitted to be made by the Board of Audit and
Finance, the Legislature perhaps thought it wise or at least
prudent that the compensation of the accountant should not
be subject to their control.   Independence of them by the
Board of Audit and Finance seems to have been considered by
the Legislature as essential to a due execution of the purpose
which prompted the passage of the act.   Whatever may have

been the motive of the Legislature (and with that we have nothing to do), it is plain to us that the meaning of the act is what we have herein declared it to be.

As all the facts essential to a recovery by the plaintiff were admitted, the Judge should have proceeded to determine the case at chambers, and his failure to do so was error. There would be no practical use in issuing an alternative writ, for the defendant has already had a full opportunity for showing cause why a peremptory writ should not issue, as he has filed an answer assigning every reason he can why such a writ should not be awarded. His reasons being insufficient, the plaintiff is entitled to a peremptory writ of *mandamus* and may apply for the same to the Judge in the county of Robeson by motion at chambers, upon giving the proper notice.

Error.