W. R. COLEMAN ET AL., ROAD COMMISSIONERS, v. J. L. COLEMAN.

(Filed 16 September, 1908.)

1. **County Treasurer — Mandamus to Compel Statutory Duty — No "Money Demand"—Jurisdiction—"Chambers."**

An action of *mandamus* to compel a County Treasurer to pay over to certain commissioners moneys he has on hand, in accordance with the requirement of a statute, is not a money demand and is properly brought before the Judge at chambers.

2. **Same—Issues of Fact—Procedure.**

If it appears, in an action for *mandamus* heard at chambers to compel a County Treasurer to pay over certain moneys on hand, in accordance with a statutory requirement, that issues of fact are involved or that the case has been improperly brought before the Judge there, it should be transferred so as to be tried during term and not dismissed.

### 3. County Treasurer—Funds—Rightful Custodian—Mandamus.

A County Treasurer required by statute to pay accounts against the road fund under certain machinery provided for the purpose cannot be compelled by *mandamus* to turn over the funds to a road commission, as by the language of the statute he is the rightful custodian.

### 4. Appeal and Error—Pleadings—Amendment—Discretion.

The refusal of a motion to be allowed to amend pleadings is in the discretion of the trial Judge and not reviewable on appeal.

ACTION heard by *O. H. Allen, J.,* at chambers, 12 February, 1908, in WARREN.

THIS is an action for a *mandamus* to compel the defendant, who is the Treasurer of Warren County, to deliver to the plaintiffs, the road commissioners for Hawtree Township, the fund which he has received from taxes levied in 1905 for road purposes, amounting to $335.96. The act of 1899, ch. 581, as amended by the act of 1905, ch. 161, required the county commissioners to levy the road taxes for Hawtree Township upon the recommendation of its road commissioners. The money collected from the taxes so levied is required to be paid to the County Treasurer and kept separately from other funds by him. He is given a commission for "receiving and disbursing the road fund," and is further required "to pay the accounts against the road fund of the county and of the township, when itemized statements of the same have been certified to (the road commissioners) by the county road superintendent and approved by them." Acts 1899, ch. 581, sec. 14; Acts 1905, ch. 161, sec. 1. The plaintiffs allege that "the defendant failed and refused to deliver the road fund to them or on their order, when demanded, of any part thereof, for the purpose of being used and expended by them for the improvement of the public roads of the township, as he is bound by law to do, though he did pay to them the taxes collected for road purposes in the year 1906." The summons was returnable before the Judge, at chambers, on 12 February, 1908. The de-

fendant demurred to the complaint, upon the ground that the Judge had no jurisdiction of the case at chambers, and, further, that no cause of action is stated in the complaint. The demurrer was sustained, the action was dismissed and the plaintiffs appealed.

*T. T. Hicks* and *Tasker Polk* for plaintiffs.

*T. M. Pittman, J. H. Kerr* and *S. G. Daniel* for defendant.

WALKER, J., after stating the case: The action was properly brought before the Judge, at chambers, if the plaintiffs have any such cause of action as is stated in the complaint. The object of the action is not to enforce the payment of a "money demand," but to compel the performance by the defendant, as Treasurer of the county, of a public duty. Because in the discharge of that duty he must deliver the fund to the plaintiffs does not make it a money demand. If the plaintiffs are entitled to the possession of the "road fund," as they allege, their action is not one to enforce the payment of money to themselves, which money they could recover by judgment and execution in an ordinary action for that purpose, but it is of a very different nature, and *mandamus* is the appropriate remedy. They would get the money, it is true, but not because the defendant was indebted to them, but because the law required him to deliver it to them, and he had failed and refused to discharge the duty imposed upon him. We think this view of the law is sustained by several decisions of this Court in like cases. *Martin v. Clark,* 135 N. C., 178; *Eubank v. Turner,* 134 N. C., 80; *Jones v. Commissioners,* 135 N. C., 218; *Audit Co. v. McKenzie,* 61 S. E., 283. If there are issues of fact to be tried, or the case has been improperly brought before the Judge at chambers, it should, by order of the Judge, be transferred to the Superior Court for trial at term, and not dismissed. *Eubank v. Turner,* 134 N. C., 80; *Jones v. Commissioners,* 135 N. C., 218.

But we do not think the plaintiffs have stated any cause of action in their complaint. The act of 1899, ch. 58, as amended by the act of 1905, ch. 161, does not authorize them to take possession of the fund, but the Treasurer is its rightful custodian. It is clear that the plaintiffs had no power under those acts to disburse the road fund. That duty is required to be performed by the County Treasurer, upon the certificate of the "County Road Superintendent" and the approval and order or orders of the plaintiffs. If any one is in law aggrieved by the failure or refusal of the Treasurer to discharge this duty, a *mandamus* will lie to compel its performance.

The plaintiffs moved to amend their complaint, but, as the motion was denied and its refusal was strictly within the discretion of the Judge, we cannot review the exercise of that discretion in this Court.

There was no error in sustaining the demurrer and dismissing the action.

Affirmed.