TYRRELL COUNTY ET AL. v. S. J. HOLLOWAY ET AL.

(Filed 21 September, 1921.)

1. **Constitutional Law— Counties— Treasurer— Statutes—Banks—Trust Companies.**

Sec. 14 of Art. VII of our Constitution should be construed with reference to other sections therein, with certain specified exceptions not relevant to this case, and thereunder the Legislature is given full power to modify, change, or abrogate any and all provisions thereof and substitute others in their place; and though section 1 provides in terms that for the ordinary purposes of general county government there shall be elected a county treasurer, etc., it is yet within the legislative authority to so modify this requirement that they may delegate to the county commissioners the authority to abolish the position of county treasurer and appoint a bank or banks to act in this capacity for the consideration only which may arise to them from a deposit therein of the taxes collected; and C. S., 1389, is constitutional and valid.

2. **Same—General Laws.**

It is not required that the power conferred in sec. 14. Art. VII, of the State Constitution to modify, change, or abrogate any and all provisions of this article, with the exceptions enumerated, should be general in its operation, or that it should in terms formally abrogate any given section therein, and substitute another in its stead, for the act making such change, local in its operation, must be given effect under its provisions, if otherwise valid.

3. **Same—Government Agencies—Delegated Powers.**

While legislative powers may not ordinarily be granted by our General Assembly, they may be granted under our system of government to municipal corporations for local purposes, where, as such agencies, they are possessed and in the exercise of governmental powers in designated por-

tions of the State territory, whether such localities are the ordinary political subdivisions of the State or local governmental districts created for special and *quasi*-public purposes.

**4. Mandamus—Counties—Treasurer—Public Funds.**

Where, under the power of a valid statute, C. S., 1389, the county commissioners have abolished the office of county treasurer, and have vested the duties of the office in certain banks and trust companies which have qualified thereunder, mandamus will lie to compel the treasurer, seeking to hold over and denying the validity of the statute, to turn over to the proper party the moneys that he has received and attempts to hold by virtue of his former office.

**5. Same — Statutes — Questions for Court— Demand for Jury Trial—Waiver.**

An action to enforce the turning over of public funds by the ex-treasurer of the county to the present financial agents regularly appointed, and who have qualified to act in that capacity according to the terms of valid statutes directly applicable, C. S., 1400, 3205, 3206, 4385, is not in strictness a money demand, under sec. 867, which must be proceeded with as an ordinary civil action, requiring a finding of disputed facts by a jury, but comes under sec. 868, providing that the summons may be returnable before the judge at chambers or in term, who shall determine all issues of law and fact unless a jury is demanded by one or both of the parties, which, in the instant case, comes too late, being taken for the first time without exception in an additional brief allowed to be filed after the argument of the case in the Supreme Court has been made.

APPEAL by defendant from *Allen, J.*, at the April Term, 1921, of TYRRELL.

The action is in the nature of mandamus to compel the defendant, S. J. Holloway, to turn over to two banks, the lawfully designated depositaries made parties of record, the public funds of the county, which plaintiffs aver and offered proof to show had come into the hands of said defendant while treasurer of said county, and which he wrongfully refuses to deliver. Plaintiffs further allege, and offered evidence tending to show, that said office of treasurer had been lawfully abolished by resolution of the commissioners, and the two banks referred to, duly designated as depositaries to act as treasurer without charge, etc., and that defendant continued to withhold the funds, claiming that he was still the lawful treasurer of the county. There was a preliminary order issued restraining said defendant from other and further disposition of said funds, which was returnable at said term and which on proof submitted was heard at the same term as the principal cause. Defendant admitted that he had received the county funds in controversy while treasurer of the county and claimed the right to hold and disburse on allegation and evidence tending to show that the office had not been abolished, and that said defendant was still county treasurer and as such

had control and lawful disposition of same. His Honor, having heard the case, entered the following judgment:

"This cause coming now to be heard at Columbia, N. C., on 25 April, 1921, according to continuances upon motion in this cause, and being heard upon the evidence taken and affidavits filed, the court finds:

"That the board of county commissioners on 5 April, 1920, abolished the office of treasurer of Tyrrell County, to take effect 1 December, 1920, and elected the two banks at Columbia, the Merchants and Farmers Bank, and the Tyrrell County Bank, as its financial agents, to act as its treasurer, upon giving bond and without compensation; that on Monday, 6 December, 1920, being the first Monday in December, the new board of county commissioners, which was elected in November, 1920, at the November election, duly qualified and passed resolutions abolishing the office of treasurer of Tyrrell County, and elected the said two banks as the financial agents, and to act as treasurer for the said county without compensation, and the said banks duly accepted on the said 6 December, 1920, and tendered their bonds; that the bonds were accepted, except the bond for the county road fund, and a question having arisen as to whether the money should be paid to the treasurer of the county or to the treasurer of the highway commission of the county, the question was referred to the Attorney-General, and the bonds for these amounts were not accepted until 3 January, 1921, which was the next meeting of the board of said commissioners, and that this bond was accepted at that time.

"That the two banks have been acting as financial agents and treasurer of Tyrrell County ever since 6 December, 1920.

"That the said S. J. Holloway did not tender any bond on the first Monday in December, 1920, as treasurer of the county, and has not at any time since, and has not paid over to the county the moneys in his hands belonging to the said county, nor to either of its financial agents as required by law.

"The court finds that the defendant, S. J. Holloway, is not the treasurer of Tyrrell County; that he has not settled with the said county, and has in his hands a large sum of money belonging to the said county; that it is his duty to pay over the same to the duly elected and qualified financial agents of said county, to wit, The Merchants and Farmers Bank, and the Tyrrell County Bank, and that they have been elected and qualified.

"It is ordered, decreed and adjudged that the defendant, S. J. Holloway, pay over to the said Merchants and Farmers Bank one-half of all moneys which is due to the county by the said Holloway, and the other half to the Tyrrell County Bank, and that he be and is hereby enjoined

and restrained from paying out any moneys belonging to the said county, or its financial agents, except as set out above, and enjoined and restrained from acting as said treasurer.

"It is further ordered and adjudged that he pay over to the Tyrrell County Bank the half of all the moneys due to it as said financial agent of said Tyrrell County on or before 15 July, 1921.

"It is further adjudged that the said S. J. Holloway enter into a good and sufficient bond in the sum of $50,000 for the faithful compliance with the above order, and that he pay over and account to the said banks, as set out above, the said moneys due to them as financial agents of said county.

"It is further adjudged that the defendant Merchants and Farmers Bank execute a good and sufficient bond in the sum of $50,000 for the faithful handling of the moneys described in the pleadings in this cause, and to account for any and all of the moneys referred to in this proceeding that may come into its hands or should come into its hands, and that it will faithfully account to the plaintiff for said moneys.

"It is further adjudged that the defendants pay the cost of this proceeding and that this restraining order continue to the hearing.

"O. H. ALLEN, *Judge Presiding.*"

Defendant and his surety, also defendant, excepted and appealed.

*Aydlett & Simpson, W. L. Whitley for plaintiffs.*
*Thompson & Wilson, R. W. Winston for defendants.*

HOKE, J. In section 1389, C. S., ch. 26, it is provided that the board of county commissioners of Tyrrell and certain other counties therein specified may abolish the office of county treasurer by resolution to that effect, passed at least sixty days before a primary or convention held for the purpose of nominating candidates for said office, and when so abolished the board of commissioners may appoint one or more solvent banks or trust companies to perform the duties of treasurer, or sheriff acting as *ex officio* treasurer of the county, such designated depositaries not being allowed to charge or receive anything in compensation other than the advantages accruing to them from such a deposit. And said banks and trust companies, termed financial agents, are also required to give bond for safe keeping and proper disbursement of said funds, and for faithful performance of their duties concerning them. Acting under this statute the commissioners of Tyrrell County, by formal resolution passed in apt time, have abolished the office of county treasurer and designated the banks to act as financial agents of the county, who have

duly accepted and qualified, and if these proceedings are valid, we find no good reason for disturbing the judgment of his Honor, as it appears of record.

The only objection against the propriety of this judgment urged before us on the oral argument and the original brief filed in behalf of the appellant is that the office of treasurer being one provided for in the Constitution, may not be abolished except by direct legislative action, and the attempt to vest such power in the board of commissioners of any county may not be upheld. It is true that Article VII of the Constitution, sec. 1, provides in terms that for the ordinary purposes of general county government there shall be elected biennially a treasurer, register of deeds, and five commissioners, but it is also provided in the same article, section 14, that as to this and all other sections of the article, except sections 7, 9, and 13, neither of which have any bearing on the question presented here, the General Assembly shall have full power by statute to modify, change, or abrogate any and all the provisions of this article and substitute others in their place. In reference to the power conferred in section 14, it has been frequently held, and is now the accepted construction, that in order to its exercise it is not required that an act to effect a change in municipal government should be "general in its operation or that it should in terms formally abrogate any given section of this article and substitute another in its stead, but that an act of the General Assembly making such change, and local in its operation, must be given effect under this provision if otherwise valid." *Smith v. School Trustees,* 141 N. C., 157, citing *Harris v. Wright,* 121 N. C., 179.

This being the established position, the Legislature, under approved principles, in our opinion had the undoubted right to confer the exercise of the power referred to in section 14 upon the board of county commissioners of Tyrrell County, and said board, proceeding properly under the act, having formally abolished said office, the judgment of his Honor must be upheld.

While legislative power granted by the Constitution may not as a rule be delegated, it is fully recognized that under our system of government such power may be delegated to municipal corporations for local purposes where as agencies of the State they are possessed and in the exercise of governmental powers in designated portions of the State's territory, whether such localities are the ordinary political subdivisions of the State, or local governmental districts created for special and public *quasi*-purposes. *Trustees v. Webb,* 155 N. C., 379; *Smith v. School Trustees,* 141 N. C., 143-149; *S. v. Austin,* 114 N. C., 855; *People of N. Y. in re Dunn v. Ham,* 166 N. Y., 477; *S. and Josephine Tantor v.*

*Mayor, etc.,* 33 N. J. L., 57; 1st Smith Modern Law of Municipal Corporations; 1st Cooley on Taxation (3 ed.), 101; Black's Constitutional Law (3 ed.), 373.

In the citation to Cooley the principle is stated as follows: "There is, nevertheless, one clearly defined exception to the rule that the legislature shall not delegate any portion of its authority. The exception, however, is strictly in harmony with the general features of our political system, and it rests upon an implication of popular assent which is conclusive. This exception relates to the case of municipal corporations. Immemorial custom, which tacitly or expressly has been incorporated in the several state constitutions, has made these organizations a necessary part of the general machinery of state government, and they are allowed large authority in matters of local government, and to a considerable extent are permitted to make the local laws."

And in Black, 374, the author says: "Municipal corporations are regarded as subordinate agencies of government created with a view to the more judicious and effective administration of local governmental affairs. The Legislature has power to create such corporations and to invest them with such powers and prerogatives as are necessary to enable them to make rules for the government of their own affairs, particularly in matters of taxation and police, provided that their by-laws and ordinances shall not be inconsistent with the general laws of the State."

The case before us comes clearly within the principle, and the commissioners of Tyrrell County were well within their powers in the abolition of the office. And the defendant, admitting that he received the public funds of the county while he was the treasurer, and insisting on the right to hold and disburse them under a claim that the office has not been abolished and that he has them as of official right, the authorities are to the effect that mandamus is the appropriate procedure. *O'Donnell v. Dusman,* 39 N. J. L., 677; *S. ex rel Meinger, Collector, v. Disbrow, late Collector,* 42 N. J. L., 141; *S. v. Oates,* 86 Wis., 634; 26 Cyc., 258, and authorities cited in note 40; 18 R. C. L., title, Mandamus, secs. 120 and 186. And it appearing from a perusal of the record that this is an action to enforce the turning over the public funds of Tyrrell County pursuant to the requirement of the statutes directly applicable, C. S., ch. 56, sec. 1400; ch. 62, secs. 3205 and 3206, and ch. 82, sec. 4385, the case presented is not in strictness a suit on a moneyed demand, coming under C. S., 867, and which requires that the summons be returnable to term, and to be proceeded with as in ordinary civil actions wherein the material issues must be determined by jury unless formally waived, but it comes under the subsequent section, C. S., 868, which provides that the summons may be returnable before the judge in chambers or in

term, and he shall determine all issues of law and fact, unless a jury trial is demanded by one or both of the parties. *Coleman v. Coleman,* 148 N. C., 299; *Audit Co. v. McKenzie,* 147 N. C., 461; *Martin v. Clark,* 135 N. C., 178.

In the present case no demand was made for a jury trial by any of the parties, no exception was entered because same was not allowed, nor by exception or otherwise was any objection made to the mode of trial in the oral argument before us nor in any brief as then filed. In a brief filed by one of defendants some fifteen days later, and by consent, objection is made that there are disputed questions of fact presented in the affidavits and evidence, but these are only as to differences arising at the hearing, and no demand is therein shown or claimed that any jury trial was claimed on any material issues arising on the pleadings.

There is no error, and this will be certified that the funds of county, admitted to be in the hands of defendant Holloway, shall be forthwith delivered to the financial agents of the county, and that the amounts in dispute be so delivered when and determined in accordance with law and the course and practice of the court, and the restraining order in the meantime be continued as directed in the judgment.

No error.