JOSEPH F. CANNON AND MARTIN L. CANNON v. WISCASSETT MILLS COMPANY ET AL.

(Filed 31 January, 1928.)

1. **Corporations—Dividends—When Directors Must Declare—Mandamus— Subjects for—Private Corporations.**

Where under the provisions of C. S., 1178, the accumulated profits of a private corporation in excess of the working capital has been ascertained, the directors are without authority to carry it to the surplus fund, and upon the demand of the stockholders it must be distributed into dividends in accordance with the requirements of the statute, and mandamus will lie to compel such distribution.

2. **Corporations—Dividends—Amount of, How Determined.**

To preserve unimpaired the capital stock of a private corporation and to ascertain the amount that can be declared as dividends according to C. S., 1178, the surplus should be ascertained in the manner prescribed by taking the assets of the corporation according to their cash value, and, in the case of a manufacturing company, the further sum for depreciation should be taken into account. C. S., 1179.

3. **Mandamus—Evidence Required Therefor—Appeal and Error—Remand —For Further Findings of Fact.**

When proceedings in mandamus have been instituted by stockholders of a private corporation to compel the distribution of a surplus ascertained in accordance with the provisions of C. S., 1178, before the judge holding the terms of court of the district, C. S., 868, and the judge has issued a mandamus to compel the payment of the dividends without evidence of the actual cash value of the assets or taking into his consideration a proper deduction for the depreciation of the plant, the case will be remanded to him to be proceeded with according to law.

APPEAL by defendants from *Webb, J.,* at Chambers, on 9 April, 1927. Affirmed in part and remanded.

Action for writ of mandamus to compel defendant corporation and its board of directors to declare a dividend among its stockholders of the whole of its accumulated profits, exceeding the amount reserved for its working capital, and pay same to its stockholders, in accordance with the provisions of C. S., 1178.

From judgment directing that the writ of mandamus issue as prayed for by plaintiffs, and fixing the amount of accumulated profits of defendant corporation to be paid out as a dividend, defendants appealed to the Supreme Court.

*Brooks, Parker, Smith & Wharton* for plaintiffs.
*J. Lee Crowell, R. L. Smith & Son, Brown & Sikes* and *Cansler & Cansler* for defendants.

CONNOR, J. Defendant, Wiscassett Mills Company, is a corporation, duly organized under the laws of the State of North Carolina. It is engaged in business as authorized by its charter, in the town of Albemarle, in Stanly County, North Carolina. Its codefendants are directors of said corporation and constitute a majority of its board. Plaintiffs are stockholders of said corporation, and also members of its board of directors. The said corporation has been very successful in its business, and after paying dividends, both in cash and in stock, now has in its treasury, a surplus, made up of its accumulated profits.

The capital stock of said corporation is $3,600,000.00, all of which is now outstanding. At its regular annual meeting, held pursuant to its by-laws, in July, 1926, its stockholders, by resolution duly adopted, fixed as its working capital, to be set up and reserved out of its accumulated profits, the sum of $1,800,000.00. At a meeting of the board of directors, held immediately after the adjournment of the regular annual meeting of the stockholders, the action of the stockholders, in fixing a working capital for said corporation, was approved and ratified. The financial statement of the assets and liabilities of said corporation, as of 30 June, 1926, showed a surplus of $2,168,571.70. At this date no sum had been set up by the stockholders as a working capital. This financial statement was prepared by the treasurer of said corporation, and was submitted to the stockholders at their annual meeting for their information as to the financial condition of the corporation.

At the meeting of the board of directors, the following resolution was offered by the plaintiffs, or on their behalf:

"Resolved, that whereas this company has on hand and in its treasury accumulated profits not necessary or needful to be retained by the company to carry on the business for which said company is chartered and organized and in which it is engaged, such condition being evidenced

by the fact that this company has accumulated profits invested in low interest-bearing securities, to wit: United States Liberty Bonds, United States Treasury Certificates, Federal Land Bank Bonds, and Federal Farm Land Bank Bonds, for more than two million five hundred thousand dollars ($2,500,000.00),

"And, whereas, under the laws of the State of North Carolina, under which this company was chartered, organized and exists, the stockholders are entitled to have the accumulated profits of the corporation, above the amount in good faith fixed by the stockholders for working capital, paid out as dividends,

"And, whereas, under no circumstances can the surplus profits now in the hands of this corporation invested in the securities above named be required in good faith as working capital,

"Therefore, be it resolved, that the directors of this corporation do hereby declare a dividend upon the outstanding capital stock of this company in the sum of thirty-three and one-third per cent (33⅓%) and that said dividends be paid by delivering and transferring to the stockholders of this company the investments held by it in bonds and treasury certificates as hereinbefore enumerated in proportion as their stock holdings shall respectively entitle them."

Upon a record vote taken at said meeting of the board of directors, this resolution was not adopted. Thereupon, the following resolution was offered in behalf of plaintiffs:

"Resolved, that the officers of this company be directed to secure an appraisal of the property of this company, carried as inventory at its true market value, that the amount carried on the books as depreciation be reduced so as to represent the actual cash value depreciation of machinery."

Upon a record vote taken at said meeting of the board of directors, this resolution was not adopted.

Thereafter, the majority of the board of directors of defendant corporation, having declined and refused to declare a dividend among the stockholders of the whole amount of its accumulated profits, exceeding the amount reserved as a working capital as fixed by the stockholders, at their regular annual meeting, and thereafter approved by the board of directors, plaintiffs, as stockholders, on 12 February, 1927, began this action in the Superior Court of Stanly County by causing a summons to be issued therefrom returnable before his Honor, James L. Webb, judge of the Superior Court, regularly assigned to hold the courts of the Thirteenth Judicial District. C. S., 868.

Upon the hearing before Judge Webb, the parties appeared, and, as found by him, "through counsel, presented the facts as set out in the pleadings, and argued the case at length." No evidence was offered at

said hearing in support of the contentions of the parties with respect to the facts in controversy. The judge found the facts, from the pleadings, and after setting out such facts in full, rendered his judgment, as follows:

"It is, therefore, on motion of counsel for plaintiffs, ordered, adjudged, and decreed that a writ of mandamus issue against the defendant, Wiscassett Mills Company, and the directors thereof, commanding it and them, forthwith and without unreasonable delay, to declare a dividend among its stockholders of $1,495,694.40, accumulated profits of the corporation, which is in excess of the amount reserved by the stockholders, and approved by the directors, as a working capital and to be paid in capital of the corporation.

"It is further ordered, adjudged and decreed that the defendants pay the costs of this action."

To this judgment defendants excepted. They appealed therefrom to this Court, assigning numerous errors, as set out in the case on appeal.

The statute invoked by plaintiffs for their relief, upon the facts admitted in the pleadings is as follows:

"C. S., 1178. The directors of every corporation created under this chapter shall in January of each year, unless some specific time for that purpose is fixed in its charter or by-laws, and in that case at the time so fixed, after reserving over and above its capital stock paid in, as a working capital for the corporation, whatever sum has been fixed by the stockholders, declare a dividend among its stockholders of the whole of its accumulated profits exceeding the amount reserved, and pay it to the stockholders on demand."

This statute is clearly applicable in this action. A sum to be reserved as a working capital, out of the accumulated profits of the corporation has been fixed by the stockholders and approved by the directors. This sum, fixed at $1,800,000.00, added to the capital stock of the corporation—$3,600,000.00—makes $5,400,000.00. The financial statements prepared by the treasurer of the corporation and submitted to the stockholders and directors, show that the book value of the corporation's assets on 30 June, 1926, was $7,661,870.89, and on 31 December, 1926, was $7,490,903.04.

These assets are invested in machinery, real estate, inventory, notes and accounts, bonds and securities, and in bank balances. It clearly appears from admissions in the pleadings that after setting apart sufficient of these assets to represent and maintain the capital stock of the corporation, unimpaired, and after reserving from the accumulated profits the sum fixed by the stockholders and approved by the directors as a working capital, in accordance with the provisions of the statute, there remains a considerable sum which represents the accumulated

profits of the corporation, in excess of the working capital. Under the statute, upon demand of stockholders, it is the duty of the board of directors to declare a dividend among the stockholders of the whole of these accumulated profits, and pay the same to the stockholders. Plaintiffs, as stockholders, upon the facts admitted in the pleadings, have a right to require of the directors the performance of this statutory duty. By virtue of the statute, there is no discretion in the board of directors with respect to the performance of this duty. Plaintiffs cannot be held to be estopped by their conduct as alleged in the pleadings of defendants.

There is, therefore, no error in the judgment ordering and directing that a writ of mandamus issue, commanding the defendant, Wiscassett Mills Company and its directors, to declare a dividend among the stockholders of said company of the whole of its accumulated profits, exceeding the amount reserved out of the same as a working capital for said company. In that respect the judgment is affirmed.

There is sharp controversy between the plaintiffs and the defendants with respect to the amount of the accumulated profits of the defendant corporation at the date of the commencement of this action, available as the dividend to be declared and paid. In the complaint it is alleged:

"24. That the financial statement of the Wiscassett Mills Company as of 31 December, 1926, shows total assets of $7,490,303.04. That the directors at their semiannual meeting, held in January, 1927, declared a dividend to stockholders of $360,000.00, which deducted from the total assets leaves a balance of $7,130,903.04. That the amount fixed and reserved as a necessary working capital by the stockholders—$1,800,000.00—plus $3,600,000.00, the amount of capital stock, aggregates $5,400,000.00. That the difference between this and the total present assets of the company is $1,730,903.04, which under the law and the action of the stockholders at their last annual meeting, represents the accumulated profits which should be declared as a dividend among the stockholders of said corporation."

Answering this allegation, defendants say:

"24. That it is admitted that the financial statement of the defendant company as of 31 December, 1926, shows total assets of seven million four hundred ninety thousand, nine hundred three dollars and four cents ($7,490,903.04), and that the directors at their semiannual meeting held in January, 1927, declared the regular semiannual dividend of five per cent (5%), and an extra dividend of five per cent (5%), on the stock of said company which aggregated the sum of three hundred sixty thousand dollars ($360,000.00). It is admitted that the amount fixed and reserved as the necessary working capital by the stockholders at the annual meeting in July, 1926, was one million eight hundred thousand dollars ($1,800,000.00), and that the capital stock paid in was

three million six hundred thousand dollars ($3,600,000.00), which aggregates five million four hundred thousand dollars ($5,400,000.00). It is denied that the difference between said last mentioned amount and the total present assets of the company is one million seven hundred thirty thousand nine hundred three dollars and four cents ($1,730,-903.04), or that said sum or any part thereof represents accumulated profits which should or could be declared as a dividend among the stockholders of said corporation. On the contrary it is averred that the item one million seven hundred thirty thousand, nine hundred three dollars and four cents is made up of the following:

Reserved for depreciation prior to 1 January, 1926....$1,391,088.12
Notes and accounts payable............................................. 46,978.64
Reserved for contingencies...................... ........................ 23,152.10
Surplus ........................................................................... 269,684.18

$1,730,903.04

From which has been deducted the following items for the year 1926:

Depreciation on machinery, buildings, etc.............. ..... $ 134,311.07
Federal and State income taxes—estimates.................... 62,000.00

$ 196,311.07

Leaving an apparent surplus of seventy-three thousand three hundred seventy-three dollars and eleven cents ($73,373.11). Except as herein admitted paragraph 24 is denied."

No evidence was offered at the hearing before Judge Webb upon the issue thus raised by the pleadings as to the amount of the accumulated profits of defendant corporation, available as the dividend to be declared by the directors and paid by the corporation, other than the pleadings. With respect to this matter, the judge found the following facts:

"19. That the financial statement of the defendant corporation, submitted by the treasurer at the semiannual meeting of the stockholders in January, 1927, as of 31 December, 1926, shows that the inventory account had been increased from $701,879.97 to $1,030,861.21, and that after the payment of the regular and extra dividends declared at the annual meeting in July, 1926, the corporation still had invested in United States and Federal securities moneys not actually used in the operation of the mill to the extent of $1,495,694.40.

"20. The court finds as a fact that this sum, to wit: $1,495,694.40, invested and held by the corporation in unrelated securities from the

.cotton manufacturing business, and bearing a low rate of interest, is accumulated profits in excess of the $1,800,000.00, reserved as a working capital of the corporation over and above its capital stock of $3,600,-000.00 paid in."

Upon the foregoing findings of fact, it was ordered, adjudged and decreed that the directors declare a dividend among the stockholders of $1,495,694.40, this being the sum found by the court as the amount of the accumulated profits of the corporation available as a dividend, at the commencement of the action.

The findings of fact upon which the court fixed the amount of the dividend were made solely from the financial statement of the condition of the corporation's business as of 31 December, 1926. This statement shows as a liability of the corporation on said date the sum of $1,391,088.12, this being the amount reserved for depreciation in the value of the assets as shown in the statement. The total value of the assets shown in said statement is $7,490,903.04. In order to determine the amount of the accumulated profits available for the dividend, assuming that said values are correct for that purpose, there should be deducted from said sum the capital stock, the working capital, and all other liabilities of the corporation. If the amount reserved for depreciation is properly listed as a liability, it is manifest that the sum obtained by making the deduction of liabilities from the value of the assets will be much less than the sum fixed by the court as the amount of the dividend. The question is, therefore, presented whether in determining the amount of the accumulated profits to be declared and paid as a dividend, the amount shown in the statement as the reserve for depreciation should be considered as a liability, and therefore deducted from the value of the assets.

Manifestly, for the purpose of determining the amount to be declared and paid as a dividend, it is necessary that the true value of the assets, in cash, and not the mere book value, should be ascertained, for no dividend can be lawfully declared and paid except from the surplus or net profits of the business. C. S., 1179. The terms "net profits" or "surplus profits" have been defined as what remains after deducting from the present value of all the assets of a corporation the amount of all the liabilities, including the capital stock. 14 C. J., 802. In the instant case, in order to determine the amount available for the dividend, there must also be deducted the amount fixed by the stockholders and approved by the directors as the working capital. Neither the capital stock of the corporation, paid in and outstanding, nor its working capital, as fixed pursuant to the provisions of C. S., 1178, may be impaired by the payment of a dividend, under any circumstances. Both must be kept intact, and to that end, assets equal in value

to the amount of both the capital stock and the working capital—in this instance, $5,400,000.00—must be left and must remain in the treasury of the corporation after the payment of the dividend in accordance with the requirements of the statute.

Among the assets shown in the financial statement as of 31 December, 1926, which is the last statement appearing in the record of the financial condition of the corporation, prior to the commencement of this action on 12 February, 1927, are "Machinery," valued therein at $2,032,278.01, "Real Estate," valued therein at $1,421,345.69, "Inventory," valued therein at $1,030,861.21, and "Notes and Accounts," valued therein at $886,236.03. The remaining assets consist of United States Bonds, and Treasury Certificates, Federal Land Bank Bonds, and Federal Farm Land Bank Bonds, of the total value of $1,495,694.40 and of cash in banks, amounting to $624,487.70. The total value of the assets as shown in said statement is $7,490,903.04.

It does not appear from the pleadings how the values placed upon these various assets were determined—whether they are the present cash value, or the cost price of such assets. Nor does it appear therefrom, if such valuations are the cost price of the assets, whether or not there had been any depreciation in such values, and if so, how much. Nor does it appear from the pleadings how the amount reserved for depreciation was ascertained, whether the same was fixed arbitrarily, or after an appraisal. No evidence was offered with respect to these matters. In making its findings of fact, upon which it fixed the amount to be declared and paid as a dividend, the court evidently assumed that the valuations placed upon the assets in the financial statement dated 31 December, 1926, were true and correct and therefore did not consider, or take into account as a liability of the corporation the amount reserved for depreciation. In this there was error. If the financial statement, prepared for the information of the stockholders as to the condition of the company's business, is to be taken as correct for the purpose of determining the amount of accumulated profits available for a dividend, then, all the amounts shown therein, either as liabilities or as assets, should be accepted as true and correct. Otherwise, serious injuries to the corporation, its stockholders and creditors, may result from the payment of a dividend in such amount as to leave the capital stock and working capital impaired.

An issue is clearly raised upon the pleadings as to the amount of accumulated profits, in excess of the working capital, available for the dividend to be declared and paid out of the whole of such profits. This issue should be tried and determined before the amount of the dividend is fixed. Neither party to this action having moved for a trial of the issue by jury, the issue may be determined by the court. C. S., 868.

Upon the facts admitted in the pleadings, and as to which there is no controversy, plaintiffs are, by virtue of the statute, entitled to the relief demanded in this action. The interest of both stockholders and creditors, however, require that the capital stock of the corporation, and the amount fixed as its working capital shall not be impaired. Assets fully equal in value to the amount of the capital stock and working capital should be left in the treasury of the corporation, after the payment of the dividend. This action is remanded in order that further proceedings may be had in accordance with this opinion.

Affirmed in part and remanded.