H. F. BROWN v. THE BOARD OF COMMISSIONERS OF RICHMOND COUNTY: G. C. CADELL, CHAIRMAN; JAMES HAMER, JOHN C. MATHESON, PAUL F. BROWN AND ARTHUR CAPEL, MEMBERS.

(Filed 16 December, 1942.)

**1. Mandamus § 4—**

In *mandamus* proceedings, if the summons is made returnable before the judge at chambers, when it should have been made returnable in the regular way as a civil action, or *vice versa*, the action should not be dismissed, but a transfer to the proper docket made. C. S., 867, 868.

**2. Same—**

An action to have a writ of *mandamus* issue compelling a board of county commissioners to pay from the general county fund, in accordance with an Act of the Legislature, the salary of a county officer, is not such a "money demand" as to require the summons, pleadings and practice to be the same as prescribed for civil actions.

APPEAL by plaintiff from *Phillips, J.,* at Chambers at Rockingham, N. C., 3 November, 1942. From RICHMOND. Reversed.

In 1938, the plaintiff was elected judge of the recorder's court of Richmond County, and served in that capacity at a salary of $100.00 per month until the office was abolished by Act of the Legislature, chapter 610, Public-Local Laws of 1939, and a special county court was organized under chapter 357 of the Public Laws of 1939, at which time some person other than the plaintiff was appointed judge.

The ensuing Legislature passed chapter 11 of the Private Laws of 1941, in which, by preamble, it was found that prior to the abolition of his office, plaintiff had been elected for a term of two years at a fixed salary, and that he is now entitled to receive the emoluments of the office, as fixed by law, for the full term; and thereupon, the Act provides that the Board of Commissioners of Richmond County are "required to pay to H. F. Brown of Rockingham, North Carolina, the sum of one thousand nine hundred ninety ($1,990.00) dollars out of the general fund of Richmond County," this being the balance due on the salary which he would have drawn had the court for which he was elected judge not been abolished.

The plaintiff brought this action to have a writ of *mandamus* issue compelling the board of commissioners to pay him the sum of money named in the statute.

The action was begun by a summons issued by the clerk of the court of Richmond County, requiring defendants to appear before Judge F. Donald Phillips "at the Courthouse in Laurinburg, Scotland County, on the 2nd day of November, 1942, at 10:00 o'clock, and answer or demur to the complaint which has been filed in the office of the Clerk of the Superior Court of Richmond County, a copy of which is served herewith."

The defendants entered a special appearance and moved to dismiss upon various grounds, of which the following, as summarized, is pertinent to this decision:

That the clerk of the Superior Court of Richmond County was without authority to issue a summons requiring defendants to appear in Laurinburg, Scotland County, and answer the complaint before the judge at chambers there, or to make his summons returnable elsewhere than to the court from which the same was issued.

The action was dismissed on defendants' motion, and plaintiff appealed.

*Thomas L. Parsons and George S. Steele, Jr., for plaintiff, appellant.*
*William G. Pittman for defendants, appellees.*

SEAWELL, J. This appeal brings up procedural questions only, and in deciding them, we wish to make it clear that we do not pass in any way upon the merits of the case.

The procedure where the writ of *mandamus* is sought is governed by C. S., 866, *et seq.* (subchapter XIV, Article 39, Code of Civil Procedure). Section 866 provides:

"All applications for writs of *mandamus* must be made by summons and complaint, which must be duly verified."

Sections 867 and 868 divide the field between them and must be considered *in pari materia.* Section 867, as amended by chapter 349, Public Laws of 1933, reads as follows:

"In application for a writ of *mandamus* when the plaintiff seeks to enforce a money demand, the summons, pleadings and practice are the same as prescribed for civil actions: 'Provided that in all applications seeking a writ of *mandamus* to enforce a money demand on actions *ex contractu* against any county, city, or town or taxing district within the state, the applicant shall allege and show in the complaint that the claim or debt has been reduced to a final judgment establishing what part of said judgment, if any, remains unpaid, what resources, if any, are available for the satisfaction of the judgment, including the actual value of all property sought to be subjected to additional taxation and the necessity for the issuing of such writ.'"

Section 868 reads as follows:

"When the plaintiff seeks relief other than the enforcement of a money demand, the summons must be made returnable before a judge of the superior court at chambers, or in term at a day specified in the summons, not less than ten days after the service of the summons and complaint upon the defendant; at which time the court, except for good cause shown, shall hear and determine the action, both as to law and fact. However, when an issue of fact is raised by the pleading, it is the duty of the court, upon the motion of either party, to continue the action until the issue of fact can be decided by a jury at the next regular term of the court."

The defendants' motion to dismiss the action for want of jurisdiction is based on the theory that plaintiff's application for *mandamus* involves a money demand, exclusively governed by section 867, rather than by section 868, under which plaintiff has proceeded. If so, it is pointed out, since the practice under this section is expressly made to be the same as in other civil actions, the clerk was without authority to issue a summons requiring the defendants to appear and answer in a court in another county, whether at chambers or for trial at term, as was done in the case at bar, and that such process is void, conferring no jurisdiction on the designated court, citing *Rogers v. Jenkins,* 98 N. C., 129, 3 S. E., 821; *Belmont v. Reilly,* 71 N. C., 260, 261; and *Howerton v. Tate,* 66 N. C., 231.

The plaintiff contends that by virtue of the cited statute, chapter 11, Private Laws of 1941, entitled "An Act For the Relief of the Former Judge of Richmond County, H. F. Brown," the defendants are directed to pay to the plaintiff out of the general funds of the county the sum of one thousand nine hundred and ninety ($1,990) dollars; that the statute

is peremptory in its effect and imposes a ministerial duty; and the proceeding is properly brought before the judge at chambers.

Unfortunately, the decisions of the Court are not entirely clear as to what is meant by "a money demand" in these two statutes, and inconsistent results have followed. It is clear, however, that at least some demands involving money are not so considered. That has been held to be true when the controversy is over the custody of public funds which the plaintiff seeks to have turned over to him. *Coleman v. Coleman,* 148 N. C., 299, 62 S. E., 415; *Tyrrell County v. Holloway,* 182 N. C., 64, 108 S. E., 337; *Bearden v. Fullam,* 129 N. C., 477, 40 S. E., 304.

In *Coleman v. Coleman, supra,* it is observed: "They would get the money, it is true, but not because the defendant was indebted to them, but because the law required him to deliver it to them, and he had failed and refused to discharge the duty imposed upon him," citing *Martin v. Clark,* 135 N. C., 178, 47 S. E., 397; *Ewbank v. Turner,* 134 N. C., 77, 46 S. E., 508.

But apparently the fact that the demand is for a sum beneficially due the plaintiff by operation of law is not always sufficient to bring it within the definition of a "money demand" within the meaning of the statute, where the law has imposed a positive duty on a ministerial officer. *Audit Co. v. McKensie,* 147 N. C., 461, 61 S. E., 283; *Martin v. Clark, supra.* In the case at bar, the county commissioners are not strictly ministerial officers, although we do not doubt that the statute might impose upon them ministerial duties, nor are they custodians of the fund out of which payment is required to be made, although they have, under the general law and under the County Finance Act, supervisory powers over the fund and the power to disburse the same, or order payments therefrom in proper cases.

Tracing the origin of these companion sections from chapter 75, Public Laws of 1871-2, it was probably the intention of the law to provide for the hearing at term of cases which, upon the face, might require a jury trial, and those which might involve questions of law only, at chambers—with a saving provision that where issues of fact are raised and a jury trial demanded, the case might be transferred to the civil issue docket in order that these issues might be determined by a jury. *Cannon v. Wiscassett Mills Co.,* 195 N. C., 119, 126, 141 S. E., 344.

In the case at bar, it is not immediately apparent that any such questions of fact are involved. It is true that the law requires the payment of plaintiff's demand out of "the general funds" of Richmond County, and the commendable practice of budgeting has so impressed tax collections with priorities, such a fund may not be available, and the commissioners might be compelled to resort to taxation to meet the demand; but this would be a matter of defense.

*Imprimis,* at least, we regard the law which the plaintiff has invoked as sufficiently peremptory and positive in character as to justify the hearing at chambers under the more general provisions of section 868.

Under this section (868), it has been the uniform practice to require the attendance of parties at chambers, either in the county where the summons is issued or in another county in the same judicial district. *Cannon v. Wiscassett Mills, supra; Durham v. R. R.,* 185 N. C., 240, 117 S. E., 17. See bound records and briefs. In *Ewbank v. Turner, supra,* it is declared that when the cause has been improperly brought to chambers rather than for trial at term, the proper course is to transfer the action to the proper docket for trial. And in McIntosh, "North Carolina Practice and Procedure," page 1084, we find: "If the summons is made returnable before the judge at chambers when it should have been made returnable in the regular way as a civil action, or *vice versa,* the action should not be dismissed, but a proper transfer should be made."

In *Ewbank v. Turner, supra,* an examination of the original record shows that the case was brought to chambers in the county where the summons was issued; but we see no reason why the practice should be otherwise, assuming, as we must, that the judge had acquired jurisdiction elsewhere.

There was error in dismissing the action upon defendants' motion. The defendants will be permitted to answer or demur, or make such other defense as they may be advised.

The judgment dismissing the action is

Reversed.