FLORENCE GRAY BLADES v. WILMINGTON TRUST COMPANY, EXECU-
TOR AND TRUSTEE UNDER THE WILL OF CHARLES G. BLADES, DECEASED,
AND EZEKIEL BLADES ET AL., BENEFICIARIES UNDER SAID WILL.

(Filed 27 February, 1935.)

1. **Appeal and Error F a—**

   Findings of fact by the court under agreement may be challenged by
   exceptions to the evidence upon which such facts were found.

2. **Evidence H b—Testimony objected to in this case held competent as
   a part of the res gestae.**

   Testimony of disinterested witnesses as to statements made by the grantee
   at the time of the preparation of the deed, relating to the intent of the
   parties in respect thereto, *is held* competent as a part of the *res gestæ*
   in this action to set aside the deed, for that it was never delivered with
   intent to pass title, the grantee having died prior to the institution of
   the action.

3. **Evidence H c—**

   Testimony of disinterested witnesses as to declarations made by deced-
   ent against his interest while in possession of the land in controversy is
   competent as against those claiming under decedent.

4. **Appeal and Error F a—**

   An exception to the judgment as rendered presents the single question
   of whether the facts found support the judgment.

5. **Deeds and Conveyances A e—Delivery of deed to grantee must be made
   with intent to pass title in order to be effective.**

   The trial court found upon competent supporting evidence that grantor
   executed the deed in question to her husband upon a nominal considera-
   tion, that the deed was found among the husband's papers after his death
   in a sealed envelope with a notation thereon in his handwriting that it
   was not to be used unless he survived his wife, the grantor, and that the
   deed was not filed for registration until more than four years after its
   execution, that the husband and wife moved into the dwelling-house on
   the land and remained there until his death, that the wife, the grantor,
   listed the land for taxes the first year, and that thereafter the husband,
   the grantee, listed the land in his wife's name, and that the wife paid the
   taxes for each year, and that on numerous occasions after the execution
   of the deed the husband stated the land belonged to his wife: *Held,* the
   findings of fact support the judgment of the court setting aside the deed
   in the wife's action for this relief, it being necessary for a valid delivery
   of a deed to the grantee that the delivery be made with the present inten-
   tion of passing title to the grantee.

6. **Appeal and Error J g—**

   Where a judgment declaring a deed invalid is sustained on appeal on
   one theory, another theory of invalidity advanced by plaintiff need not be
   considered.

APPEAL from *Moore, Special Judge,* at October Term, 1934, of PAS-QUOTANK. Affirmed.

This is a civil action to remove a cloud from the title of the plaintiff to certain lots and parcels of land in Elizabeth City by having an alleged deed from the plaintiff to her late husband declared null and void. The case came on to be heard at term time, when and where trial by jury was waived by the parties, and the court heard the evidence, found the facts, reached conclusions of law (C. S., 568-569), and rendered judgment in favor of the plaintiff, from which the corporate defendant appealed to the Supreme Court, assigning errors.

*J. M. Broughton for Wilmington Trust Company, defendant appellant.*

*Thompson & Wilson for plaintiff appellee.*

SCHENCK, J. The plaintiff in this action, while admitting that the alleged deed, which she introduced for the purpose of attack, was regular in form, signed by her, and physically passed to the grantee therein, contends that there was never such a delivery of said alleged deed as was necessary to a transmutation of title. The defendant, on the contrary, contends that there was a valid delivery of said alleged deed, and that by reason thereof title to the land described therein is now vested in it, as trustee under the will of the grantee.

Upon these adverse contentions, there arises the following question: Did the alleged deed pass from the possession and control of the grantor (the plaintiff) to that of the grantee (the defendant's testator) with the intent at the time that the title should pass, or that the instrument should become effective as a conveyance?

The court found substantially the following facts: (1) That H. C. Foreman and wife, on 12 September, 1929, conveyed the property involved to the plaintiff, and she, simultaneously therewith, executed the alleged deed; (2) that the land described therein was worth from eight to ten thousand dollars at the time said alleged deed was executed, and if any consideration passed from the grantee to the grantor at the time it was nominal and very inadequate; (3) that said alleged deed was dated 12 September, 1929, and was not filed for registration till 5 December, 1933; (4) that subsequent to the death of the grantee, the defendant's testator, the said alleged deed was found by the defendant in a sealed envelope in the safe deposit box of the testator, with the following notation, in the handwriting of the testator, on said envelope: "Deed from Florence to me, to be used should I survive her. Should I die first, it remains hers to do as she desires, to sell it if she desires. C. G. Blades"; (5) that the plaintiff and her husband moved into the dwelling-house on

the land described in said alleged deed on 8 October, 1929, and lived there till the death of her husband, C. G. Blades, on 19 December, 1932; (6) that the plaintiff listed the land described in said alleged deed in her name for the year 1930; and during the years 1931 and 1932 the testator listed said land in the name of his wife, the plaintiff, and he himself signed the tax abstracts; (7) that at all times after the execution of said alleged deed the plaintiff has paid the city and county taxes on said land, namely, for the years 1929, 1930, 1931, and 1932; and (8) that after the execution of said alleged deed the defendant's testator, on numerous occasions, made the statement that the land described therein belonged to and was owned by his wife.

Upon the foregoing findings of fact, the court adjudged that the paper-writing alleged to be a deed from Florence Gray Blades to C. G. Blades, dated 12 September, 1929, and recorded on 5 December, 1933, in Deed Book 82, page 564, of the records of Pasquotank County, be set aside and canceled, and that the claims of the defendant be declared null and void.

To the judgment as rendered the defendant in apt time noted an exception, and aside from several exceptions to the admission of and failure to strike out certain evidence, no other exceptions appear in the record. Since there are no exceptions to the findings of fact, the judgment must be affirmed, if it is supported by such findings, *Wilson v. Charlotte*, 206 N. C., 856; unless the exceptions to the evidence upon which said facts were found were well taken.

Defendant's Exceptions 1 to 13 relate to testimony of witnesses as to statements alleged to have been made by the deceased, the grantee in the alleged deed, at the time of the preparation thereof and at various times subsequent thereto. All of the testimony made the bases of exceptive assignments of error was elicited from disinterested witnesses. That portion of such testimony relating to statements made by the grantee at the time of the preparation of said alleged deed was competent as a part of the *res gestæ*. "Declarations, to become part of *res gestæ*, must be made at the time of the act done, and must be such as are calculated to unfold the nature and quality of the facts they are intended to explain, and so to harmonize with them as obviously to constitute one transaction. In other words, they must be contemporaneous with the act and must be consistent with the obvious character of the act. 1 Greenleaf Evidence, sec. 108, note 1." *Harper v. Dail*, 92 N. C., 394. That portion of such testimony relating to statements made by the grantee subsequent to execution of said alleged deed was competent against the defendant, since it claims under said grantee, who was in possession when he made the declarations against his interest and in disparagement of his title. "It has been frequently held, too, that where declarations are made by one in possession of land, characterizing

or explaining his claim of ownership or in disparagement of his own title, they are competent as evidence not only against the declarant, but against all claiming under him." *Shaffer v. Gaynor,* 117 N. C., 15.

The sole remaining exception, No. 14, is to the judgment as rendered, and raises the single question as to whether the facts as found support the judgment of the court. We hold that these facts do sustain the conclusion of law that there was never a delivery by the grantor (the plaintiff) to the grantee (the defendant's intestate) of the alleged deed with the intent at the time that the title should pass, or that the instrument should become effective as a conveyance. The law apposite to this case is clearly set forth by *Mr. Justice Hoke* in the often cited case of *Gaylord v. Gaylord,* 150 N. C., 222, in the following words: "It is a familiar principle that the question of the delivery of a deed or other written instrument is very largely dependent on the intent of the parties at the time, and is not at all conclusively established by the manual or physical passing of the deed from the grantor to the grantee. As said by this Court in *Waters v. Annuity Co.,* 144 N. C., 670, 'The fact that a policy in a given case has been turned over to the insured is not conclusive on the question of delivery. This matter of delivery is very largely one of intent, and the physical act of turning over a policy is open to explanation by parol evidence.' And the authorities are uniformly to the effect that, in order to be a valid delivery, the deed must pass from the possession and control of the grantor to that of the grantee, or to someone for the grantee's use and benefit, with the intent at the time that the title should pass or the instrument become effective as a conveyance."

As we sustain the judgment of the Superior Court upon the theory that there was never a valid delivery of the alleged deed, it would be a work of supererogation to discuss whether the paper-writing, if it had been delivered, would have been void as a deed of gift, since it was not registered within two years after the making thereof. C. S., 3315.

Affirmed.