BANK OF WADESBORO, ADMINISTRATOR OF A. L. CAUDLE, DECEASED, v. B. A. CAUDLE.

(Filed 15 January, 1954.)

**1. Pleadings § 24—**

Both allegation and proof are necessary and must substantially correspond with each other, and the absence of either constitutes a fatal variance which requires dismissal.

**2. Same: Trial § 23f: Taxation § 40b—Substitute plaintiff must file pleading alleging facts entitling him to the relief sought.**

Where the purchaser of tax sale certificates has himself made substitute plaintiff in lieu of the county which had brought action to foreclose the certificates, but files no complaint or amendment to the original complaint alleging facts which would entitle him to the relief originally sought by the county, nor, upon his death, does his personal representative file any pleadings, nonsuit should be allowed for fatal variance. Motions and orders entered in the cause stating that the individual had purchased the tax sale certificates and had succeeded to the rights of the county cannot supply the deficiency, since a cause must be tried on the pleadings filed therein.

**3. Appeal and Error § 1—**

The Supreme Court will not decide questions on appeal which have not been adjudicated in the court below.

APPEAL by defendant from *Rousseau, J.,* April Term, 1953, ANSON. Reversed.

Civil action to foreclose tax sales certificates.

Defendant B. A. Caudle and his sister Maggie Caudle, during the period from 1923 to 1927 inclusive and subsequent thereto, owned an 8/9 interest in a tract of land in Anson County. Taxes thereon for the years 1923 to 1927 both inclusive, were duly assessed.

The tax debtors having defaulted in the payment of the taxes assessed for the year 1927, the sheriff, under direction of the County Board of Commissioners, on 4 June 1928, sold said land at public auction to satisfy the statutory lien therefor as required by law. The county became the purchaser and the sheriff duly issued to it a tax sales certificate. On 22 November 1929, the county instituted this action to foreclose said certificate. In its complaint it alleges that said property was also sold to satisfy the tax liens for the years 1923 to 1926, both inclusive; that it became the purchaser at each of said sales; and that it now holds a tax sales certificate for each of said years. It prays that it have judgment in the sum of the total amount due on the said certificates with interest, penalties, and costs.

The defendants having failed to answer within the time prescribed by law, the clerk, on 6 October 1930, entered an interlocutory judgment of foreclosure in which he appointed T. L. Caudle to offer said property for sale and sell the same at public auction to satisfy the specific liens therein decreed. While it appears that the commissioner advertised said land for sale, it does not appear that he sold the same or did anything further in the discharge of his duties. On 7 June 1952, one A. L. Caudle, through counsel, appeared and moved the court that he be substituted as the plaintiff herein for the reason that he had purchased and then held the tax sales certificates involved in this action. The clerk, upon the showing made, entered an order substituting said A. L. Caudle party plaintiff in lieu of Anson County. On 11 July counsel for the substitute plaintiff suggested the death of the commissioner and moved the appointment of a substitute commissioner.

On 17 July 1952 the clerk entered an order finding that the original commissioner died prior to making sale of the property as directed in the original foreclosure decree and appointing H. P. Taylor, Jr., in his place and stead. He made further directions not material here.

On 4 August 1952, T. L. Caudle tendered his resignation as commissioner, stating therein that he had never sold said land as he was directed to do. On the same date defendant B. A. Caudle moved that the action be dismissed and that the appointment of H. P. Taylor, Jr., as commissioner be revoked.

On 15 August the clerk revoked *in toto* his order of 14 July, 1952, appointed H. P. Taylor, Jr., commissioner, and directed him to proceed to make sale as provided in the interlocutory judgment of foreclosure entered 6 October 1930. He specifically revoked that part of said order which made A. L. Caudle party plaintiff.

Upon hearing the appeal from this order, Pless, J., entered an order (1) making A. L. Caudle party plaintiff in lieu of Anson County, (2) striking "and wife" from the original caption, and (3) granting defend-

ant B. A. Caudle thirty days within which to file answer or other pleadings, reserving, however, the right to rule upon the authority of defendant to file same until such pleading is tendered. Having found that defendant Maggie Caudle was then dead, "the court hereby authorizes her representatives be made party defendant in her stead." It also prescribed the form of the caption of the case to be used in further proceedings in the cause.

On 17 November 1952, A. L. Caudle, through counsel, moved that B. A. Caudle, administrator *c.t.a.* of the estate of Maggie Caudle be made a party in lieu of Maggie Caudle who died 18 November 1948. The record fails to disclose any order granting this motion and making the administrator *c.t.a.* of Maggie Caudle party defendant. However, on 10 December 1952, a summons for "B. A. Caudle, representing the estate of Maggie Caudle, one of the defendants above named" was issued. A copy of the original complaint was attached to and served with the summons on B.A. Caudle. The return endorsed thereon is as follows:

"Received December ...... 1952. Served by reading and delivering a copy of the within summons, together with a copy of the complaint, to the following named defendant: B. A. Caudle on the 13th day of Dec. 1952.

.................................................. ............
Sheriff, Anson County
BY: DELMA T. SULLIVAN, R. P."

Thus it appears that the summons and original complaint were not served on B. A. Caudle in his representative capacity, nor was it returned by or in the name of the sheriff. On 12 January 1953, B. A. Caudle made a "special appearance and motion to dismiss" for that (1) there is no prosecution bond on record; (2) summons served was issued 10 December 1952 while complaint attached was filed 22 November 1929; (3) summons was served only on B. A. Caudle and not on him in his official capacity; (4) the complaint does not "connect with" the caption of the summons but is entitled "Anson County v. B. A. Caudle and wife, Maggie Caudle;" (5) the action set out in the complaint has abated; and (6) the court is without jurisdiction.

On 2 March 1953, Rousseau, J., overruled and denied the special appearance and motion "and each and every part thereof" and granted B. A. Caudle, administrator *c.t.a.,* thirty days in which to answer.

On 30 March 1953, B. A. Caudle, individually, filed an answer to the complaint filed 22 November 1929. Among other defenses he pleads the provisions of G.S. 105-392 (a), and that the substitute plaintiff has filed no complaint in this action.

On 10 April 1953, counsel for plaintiff A. L. Caudle appeared and suggested his death on 30 March 1953, and that the Bank of Wadesboro had qualified as his administrator 7 April 1953. Thereupon the clerk entered his order making said administrator party plaintiff.

Finally the cause came on for hearing at the April Term 1953, Anson Superior Court. The plaintiff offered his evidence. Defendant offered no evidence in rebuttal. The court submitted three issues as follows:

"1. Is the action barred by the statute of limitations?

"Answer: No.

"2. Was Maggie Caudle's administrator ever made a party to this action?

"Answer: Yes.

"3. What amount, if any, is the plaintiff to recover?

"Answer: $356.62 with interest from October 6, 1930."

To the submission of said issues defendant excepted.

On each issue the court gave a peremptory instruction in favor of plaintiff. The jury answered the issues in accord with the charge. From judgment on the verdict defendant B. A. Caudle appealed.

*Taylor, Kitchin & Taylor for plaintiff appellee.*
*Fred J. Coxe for defendant appellant.*

BARNHILL, J. Counsel for appellant in his brief makes reference to "the confused and muddled mess into which this case has developed." We studiously refrain from commenting upon his observation. Nonetheless, we have experienced great difficulty in ferreting out the chronological order of the various motions and orders which have been made and entered in the case as it wended its leisurely way through the court. Even now, we are not quite certain they are stated in exact and proper order. However, the essential facts, once ascertained, lead to a single and simple conclusion. Defendant's motion to dismiss as in case of nonsuit should have been allowed.

A. L. Caudle, having supposedly acquired the tax sales certificates which are the subject matter of this action, had himself made substitute plaintiff. Thereafter, he filed no complaint or amendment to the original complaint alleging facts which would entitle him to the relief originally sought by Anson County. Nor has the present plaintiff filed any such pleading. Thus we have a complaint alleging a cause of action in favor of Anson County and a verdict and judgment in favor of plaintiff.

Proof without allegation is as unavailing as allegation without proof. *Ingold v. Assurance Co.,* 230 N.C. 142, 52 S.E. 2d 366; *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14. Both are required, *Maddox v. Brown,* 232 N.C. 542, 61 S.E. 2d 613, and each must substantially correspond with

the other. *Wilkins v. Finance Co.*, 237 N.C. 396, 75 S.E. 2d 118. The absence of either constitutes a fatal variance which requires a dismissal of the action.

"A party cannot set up one cause of action or defense and succeed on proof of another and different cause of action not pleaded, and, unless cured by amendment, a material variance between the pleadings and the proof is fatal to a claim or defense." *Ervin, J.,* in *Wilkins v. Finance Co., supra.*

It is quite true that certain of the motions made and orders entered in the cause contain the statement that A. L. Caudle had purchased the tax sales certificates which are the subject matter of this action and had, by reason thereof, succeeded to the rights of the original plaintiff. But this will not suffice. Causes are tried on the pleadings filed therein, and only the issues raised thereby may properly be submitted to the jury.

We may note that only one case is pending. When A. L. Caudle was made party plaintiff he had a summons and a copy of the original complaint served on defendants. However, the circumstances disclosed by the record clearly show that plaintiff adopted this somewhat unorthodox method of giving defendants notice that he had been made plaintiff. Furthermore, it has been treated by the parties as one cause. All motions and orders have been made in the original cause.

It is not appropriate for us to discuss at this time what right, if any, plaintiff has to apply for leave to file a complaint or what effect, if any, filing of such pleading at this late date would have on the applicability of the statute of limitations pleaded by defendant. Those questions must be reserved for decision, in the first instance, by the court below. *Woodard v. Clark*, 234 N.C. 215, 66 S.E. 2d 888.

The defendant's motion for judgment as of nonsuit should have been allowed. For that reason the judgment entered is

Reversed.