FRED E. MERRELL v. J. L. JENKINS AND WIFE, NOVELLA JENKINS.

(Filed 28 September, 1955.)

**1. Appeal and Error § 6c (3)—**

A general exception to the judgment and an assignment of error that the court erred in signing and entering the findings of fact and the judgment, present for review the single question of whether the facts found support the judgment, and do not bring up for review the findings of fact or the evidence on which they are based.

**2. Highways § 12—**

A cartway established under Section 18, Chapter 328, Public Laws of 1923, does not preclude the owners of the servient estate from erecting gates across the cartway if the gates are constructed and operated so as not unreasonably to interfere with the right of passage.

**3. Appeal and Error § 40d—**

Where it appears that the case was tried under a misapprehension of the pertinent principles of law, the court's findings supporting the judgment are not conclusive, but the cause will be remanded for further hearing.

**4. Appeal and Error § 6c (3)—**

Where there is only a broadside exception to the findings of fact, exceptions relating to rulings upon the evidence are not presented.

**5. Appeal and Error §§ 1, 6c (1)—**

The Supreme Court will not consider a question which has not been adjudicated in the court below and not presented by assignment of error.

**6. Highways § 11—**

Section 7, Chapter 145, Public Laws of 1931 (G.S. 136-51), discloses no legislative intent to withdraw from the Board of Commissioners of Buncombe County jurisdiction over cartway proceedings under Section 18, Chapter 328, Public-Local Laws of 1923.

**7. Appeal and Error § 6c (3)—**

Where defendant does not except to findings that plaintiff was awarded and acquired a statutory easement for a cartway, defendants' exception to allowing plaintiff to amend to allege that defendants were estopped to deny the validity of the cartway, is rendered moot.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Nettles, J.,* at Regular May Term, 1955, of BUNCOMBE.

Civil action to enjoin the defendants from interfering with the plaintiff's use of an alleged cartway leading from his land over and across that of the defendants to a public road, submitted to the Judge and heard by consent on waiver of jury trial (G.S. 1-184; 1-185).

These in gist are the pertinent facts found by the trial court: (1) that on or about 20 February, 1939, when the defendants' land was owned by Fate Mitchell, the plaintiff "was awarded and acquired a cartway over the land," as shown by the records of the County Commissioners in Book 23, at page 111, reference being made to the "plat and record for a more complete" description of the cartway; (2) that in July, 1954, the defendants placed gates upon the cartway and closed them, thereby interfering with the plaintiff's right to use the cartway; and (3) that the defendants "have refused to remove said gates and have refused to desist from interfering with" the plaintiff's "use of said cartway."

The judgment entered below decrees that the defendants "be permanently enjoined from interfering in any way with" the plaintiff's use of the cartway, and "that all gates and any other obstructions be immediately removed . . ."

From the judgment so entered, the defendants appeal, assigning errors.

*McLean, Gudger, Elmore & Martin for plaintiff, appellee.*
*W. M. Styles for defendants, appellants.*

JOHNSON, J. The defendants' only exception to the findings of fact is the general exception to the judgment noted in the appeal entries. The single assignment of error relating to the findings of fact is: "The Court erred in signing and entering the findings of fact and the judgment."

The assignment of error is broadside. It does not bring up for review the findings of fact or the evidence on which the findings are based. *Heath v. Mfg. Co.,* 242 N.C. 215, 87 S.E. 2d 300; *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351. The general exception to the judgment and broadside assignment of error bring here for review the single question whether the facts found support the judgment. *Suits v. Ins. Co.,* 241 N.C. 483, 85 S.E. 2d 602, and cases cited.

As to this, the crucial question is whether the findings support the decree, which permanently enjoins the defendants from interfering in any way with the plaintiff's use of the cartway, and directs that "all gates . . . be immediately removed." We conclude that the decree so entered is not supported by the facts found. The decree presupposes that the plaintiff has acquired an easement entitling him to an open cartway across the defendants' lands, free of gates and free of interference of any kind. But the facts found below support no such postulate. The facts found disclose that in February, 1939, the plaintiff was

awarded and acquired a statutory cartway over the lands now owned by the defendants, under the procedure prescribed by Section 18, Chapter 328, Public-Local Laws of 1923. This statute contains no provision that a cartway acquired thereunder shall be an open one, free of gates. And in the absence of such provision, we are inclined to the view that the easement acquired by the plaintiff does not necessarily preclude the defendants, owners of the servient estate, from erecting gates across the cartway. We conclude, and so hold, that the defendants may erect and maintain gates if they are constructed and operated so as not unreasonably to interfere with the plaintiff's right of passage. This is in accord with the decision in *Chesson v. Jordan*, 224 N.C. 289, 29 S.E. 2d 906, which involved a way acquired by prescription. We think the rule announced in the *Chesson case* equally applicable to a cartway easement acquired under the statute, and the weight of authority elsewhere supports this view. 17 Am. Jur., Easements, Sec. 121.

The record discloses no findings of fact below bearing on the crucial question whether the gates about which the plaintiff complains are so constructed and operated as to amount to an unreasonable interference with his right of passage. It thus appears that the case was tried under a misapprehension of the pertinent principles of law. This being so, the restraining order is dissolved, the decree vacated, and the cause will be remanded for further hearing on the question whether the gates amount to an unreasonable interference with the plaintiff's right of passage. It is so ordered. *Morris v. Wilkins*, 241 N.C. 507, 85 S.E. 2d 892; *Coley v. Dalrymple*, 225 N.C. 67, 33 S.E. 2d 477.

The defendants' failure to challenge the findings of fact, except by broadside exception thereto, precludes review of the exceptions relating to evidentiary rulings below. *Smith v. Davis*, 228 N.C. 172, 45 S.E. 2d 51; *Manufacturing Co. v. Arnold*, 228 N.C. 375, 45 S.E. 2d 577; *Burnsville v. Boone*, *supra* (231 N.C. 577). The *obiter* statement *contra* appearing in *Blades v. Trust Co.*, 207 N.C. 771, 178 S.E. 565, we treat as unauthoritative.

Nor does the appeal present the question whether the Board of Commissioners of Buncombe County had jurisdiction to entertain the proceeding under which the plaintiff alleges he obtained the cartway easement. The record discloses that the cartway proceeding was before the Board of County Commissioners pursuant to Section 18, Chapter 328, Public-Local Laws of 1923. The defendants contend here that this Act was repealed by Section 7, Chapter 145, Public Laws of 1931, now codified as G.S. 136-51. The record discloses no ruling on this question below, and no assignment of error presents it here. *Bank v. Caudle*, 239 N.C. 270, 79 S.E. 2d 723; *S. v. Dew*, 240 N.C. 595, 83 S.E. 2d 482. However, since the case goes back for further hearing, we deem it not amiss to

say that our perusal of the Act of 1931 discloses no legislative intent to withdraw from the Board of Commissioners of Buncombe County jurisdiction over these cartway proceedings. See *Rogers v. Davis,* 212 N.C. 35, 192 S.E. 872.

The defendants, by exception duly entered and assigned as error, make the contention that the court erred in allowing the plaintiff to amend and allege that the defendants are estopped to deny the existence or validity of the cartway proceeding. The defendants contend that the amendment brought into the case a new cause of action not previously included in the complaint. The question raised by this exception is rendered moot by the unchallenged finding that the plaintiff was awarded and acquired a cartway easement under the statutory procedure. It is unnecessary for an appellate court, after having determined the merits of the case, to examine exceptions not affecting decision reached.

Error and remanded.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.