BETTY ROBINSON v. CHARLOTTE MEMORIAL HOSPITAL AUTHOR-
ITY OF CHARLOTTE, NORTH CAROLINA, A CORPORATION, AND DR.
WALDEMAR C. A. STERNBERGH.

(Filed 16 March, 1960.)

**1. Hospitals § 3:    Trial § 21—**

Whether a charitable hospital is immune from liability for negligence
as a matter of law is not presented · in the lower court by motion to
nonsuit.

**2. Appeal and Error § 1—**

Where a question is not presented to or ruled upon in the lower court,
it is not presented for decision on appeal.

**3. Master and Servant § 32—**

In the absence of any evidence of negligence on the part of the as-
serted employee, nonsuit in favor of the employer sought to be held
under the doctrine of *respondeat superior* is properly allowed.

APPEAL by plaintiff from *Campbell, J.,* 21 September "A" Term
1959, of MECKLENBURG.

This is a civil action instituted by the plaintiff against the defend-
ants, Charlotte Memorial Hospital Authority and Dr. Waldemar
C. A. Sternbergh, for personal injuries sustained while she was a pa-
tient in the Charlotte Memorial Hospital.

It is alleged in the complaint that plaintiff fell from an X-ray
table as a result of the negligence of the individual defendant, Dr.
Sternbergh.

The plaintiff's alleged cause of action against the corporate defend-
ant is based upon the doctrine of *respondeat superior.* It is alleged
that the individual defendant was on the occasion in question the
defendant Hospital's agent, servant and employee.

The plaintiff alleges in her complaint that the defendant Hospital
is "a public body, * * * a body corporate and politic duly organized
pursuant to the laws of the State of North Carolina * * *." The de-
fendant Hospital admitted this allegation in its answer.

In a further answer and defense the defendant Hospital alleged
that it was issued its charter under and pursuant to the Hospital
Authorities Law, Article 12, Chapter 131, of the General Statutes of
North Carolina. The answer further alleged that the Hospital was
not liable to the plaintiff for the reason that it was an eleemosynary
institution, and since its organization it had been operated as a charit-
able, nonprofit, nonstock corporation. It further admitted that the
individual defendant was a duly licensed and practicing physician in
charge of its Department of Radiology.

The plaintiff introduced evidence tending to show that on 27 March 1957 the City of Charlotte submitted a bond issue to the voters, authorizing the City to issue hospital bonds in a sum not to exceed $4,000,000, and to make the proceeds therefrom available to the Charlotte Memorial Hospital Authority of Charlotte to provide additional buildings and other physical equipment at said Hospital. The evidence further tends to show that the bonds were approved and were to be issued as needed, and that $3,000,000 of the bonds have been issued.

The only other evidence offered by the plaintiff was her own testimony to the effect that she was a paying patient while she was in the Charlotte Memorial Hospital. At the close of plaintiff's evidence each of the defendants moved for judgment as of nonsuit. The motions were denied.

The defendant Hospital introduced in evidence its charter and offered evidence with respect to its operation, tending to show that the institution was a charitable, nonprofit, nonstock corporation.

At the close of all the evidence the defendants renewed their motions for nonsuit. The court denied the motion made by the individual defendant but allowed it as to the corporate defendant.

Judgment was accordingly entered. The plaintiff appeals, assigning error.

*Weinstein, Muilenburg, Waggoner & Bledsoe for plaintiff.*
*B. Irvin Boyle, J. J. Wade, Jr., for defendant Hospital.*

DENNY, J. It is apparent from the briefs filed herein by the respective parties that they desire a determination of the question whether or not the corporate defendant is, on the facts disclosed by the record, immune from liability as a matter of law. *Williams v. Hospital*, 237 N.C. 387, 75 S.E. 2d 303; *Williams v. Hospital Ass'n.*, 237 N.C. 395, 75 S.E. 2d 308; *Williams v. Hospital Ass'n.*, 234 N.C. 536, 67 S.E. 2d 662; *Herndon v. Massey*, 217 N.C. 610, 8 S.E. 2d 914; *Barden v. R. R.*, 152 N.C. 318, 67 S.E. 971, 49 L.R.A. (N.S.) 801. See also *Hoke v. Glenn*, 167 N.C. 594, 83 S.E. 807, Ann. Cas. 1916E 250.

There is nothing in the record on this appeal to indicate that the above question was passed upon by the court below.

A matter not ruled upon in the lower court is not presented for decision in the Supreme Court. *Collier v. Mills*, 245 N.C. 200, 95 S.E. 2d 529; *Merrell v. Jenkins*, 242 N.C. 636, 89 S.E. 2d 242; *Burton v. Reidsville*, 240 N.C. 577, 83 S.E. 2d 651; *Bank v. Caudle*, 239 N.C.

270, 79 S.E. 2d 723; Strong, North Carolina Index, Volume I, Appeal and Error, § 1, and cases cited.

Furthermore, if it should be conceded (which it is not) that the defendant Hospital is liable for the negligence of its agents, servants and employees, there is not a scintilla of evidence on the record before us tending to support the allegations of the complaint with respect to such negligence. Therefore, the judgment as of nonsuit entered by the court below must be upheld.

Affirmed.