THE STATE OF NORTH CAROLINA EX REL UTILITIES COMMISSION v. CAROLINA COACH COMPANY AND SOUTHERN COACH COMPANY.

(Filed 10 May, 1961.)

**1. Carriers § 2:    Utilities Commission § 3—**

Rule No. 9 of the Utilities Commission renders a carrier's failure, for a period of 30 days or longer, to provide an authorized service cause for cancellation of the right to furnish such service, but the rule is not self-executing, and where the controversy before the Commission is whether a carrier was authorized to provide through service between designated points by tacking previous authorities, and the Commission fails to determine the controversy because of its holding that the carrier had lost the authority by non-user, the cause must be remanded to the Commission.

**2. Utilities Commission § 5:    Appeal and Error § 55—**

Where the Utilities Commission has determined a cause before it under a misapprehension of the applicable law, the cause must be remanded to the Commission for further consideration.

APPEAL by Carolina Coach Company from *McKinnon, J.,* November Regular Civil Term, WAKE Superior Court.

The Carolina Coach Company (hereafter called Carolina) instituted this proceeding before the North Carolina Utilities Commission (hereafter called Commission) by petition, claiming that Southern Coach Company (hereafter called Southern) had filed illegal and unauthorized bus tariffs and schedules between Raleigh and Durham by way of Holly Springs in violation of its operating authorities. Carolina called for investigation, hearing, and an order that Southern's proposed tariffs be canceled and its right to operate through service between Raleigh and Durham be denied.

Southern answered, alleging that it had the right to file the tariffs and operate through service between Raleigh and Durham by virtue of its operating authorities between Raleigh and Wilmington by way of Holly Springs, and between Raleigh and Holly Springs. After extensive investigation and a long hearing, the Commission found: (1) Carolina holds franchise authority to carry passengers by motor vehicle between Raleigh and Durham over U. S. Highways 70 and 70A — distance 23 miles — fare seventy cents. (2) Southern holds rights to operate between Durham and Wilmington by way of Holly Springs and between Raleigh and Holly Springs — distance between Raleigh and Durham 37 miles — fare $1.55. Southern proposes a through rate of seventy cents.

The Commission, among other things, concluded: "It (Carolina) seems to concede that the two authorities as here held by Southern

are subject to be tacked together or combined for through service when there are no restrictions. . . . Under the facts developed in this instance there seems to be no requirement to decide whether two separate authorities as held by Southern in this instance may be tacked together or combined for through service between the termini. Southern admits that both authorities have been operated since 1947, more than 12 years, and that for all practical purposes they have not been combined or tacked together for the rendering of through service between the termini of Raleigh and Durham but have been operated as separate authorities. If the authority exists for the tacking together or combining of such authorities for through service, the right to do so arose immediately upon the granting of the last authority. . . . in 1947 — and any such right that may have accrued to Southern or to its predecessor at that time *has been lost by failure to exercise that authority* for 12 years." (emphasis added)

As a basis for holding that Southern had abandoned its right to tack two authorities and operate a through bus between Raleigh and Durham, the Commission cites its Rule No. 9: "No common carrier or contract carrier shall abandon or discontinue any service authorized by its certificate or permit without first obtaining written authority from the Commission. The petition for such authority shall be filed with the Commission at least ten (10) days prior to any discontinuance, unless otherwise authorized by the Commission, and shall show the reasons therefor. The discontinuance or non-use of a service authorized by a certificate or permit for a period of thirty (30) days or longer without the written consent of the Commission *shall be considered good cause for cancellation,* seasonal service excepted." (emphasis added)

At the conclusion of the hearing, the Commission ordered Southern to abandon its through bus service and cancel its proposed new tariff schedule. The order further provided: "Nothing in this order shall be construed as denying or limiting Southern's right to haul passengers from Durham to Raleigh by way of Holly Springs *with change of bus at Holly Springs* (emphasis added) nor its right to file such other schedule and tariff schedules of rates and charges as it may deem advisable." From the Commission's order, Southern appealed to the Superior Court of Wake County.

In the superior court Judge McKinnon reviewed the record and entered an order remanding the proceeding for further consideration upon the ground the Commission had acted under a misapprehension of law in holding that Southern had abandoned its right to tack its authorities and run through bus schedules between Raleigh and Durham by way of Holly Springs. Carolina excepted and appealed.

*Allen, Hipp & Steed, for defendant Carolina Coach Co., appellant.*
*Arendell, Albright & Green, for Southern Coach Co., appellee.*

HIGGINS, J.   This proceeding involves a dispute between Carolina and Southern with respect to Southern's schedules and rates for passenger and other service between Raleigh and Durham. Carolina Coach Company operates through buses over U. S. Highway 70 and 70A between Raleigh and Durham — distance 23 miles — fare seventy cents. This right is not challenged. Since 1947 Southern Coach Company has operated buses between Durham and Wilmington by way of Holly Springs and between Raleigh and Holly Springs — distance Raleigh to Durham 37 miles — fare $1.55. If permitted to operate through service between Raleigh and Durham, Southern's purpose is to route buses from Durham to Holly Springs to Raleigh and back to Holly Springs, thence to Wilmington, and reverse the schedule on the return from Wilmington to Durham. This change will permit Southern to eliminate the bus in use between Raleigh and Holly Springs. By its proposed change in tariff the fare between Raleigh and Durham over its line will be reduced to seventy cents and will meet the competitive fare charged by Carolina Coach Company. Southern claims the right to operate through buses between Raleigh and Durham by tacking its combined authorities which are without restrictions. Carolina denied Southern's right to furnish this through service. It seems to be admitted that the term "through service" means without change of bus.

The Commission refused to resolve the dispute, saying in any event Southern had lost any right to furnish through service under the Commission's Rule No. 9. The rule provides: "The discontinuance or non-use of a service authorized by a certificate or permit for a period of thirty (30) days or longer without the written consent of the Commission *shall be considered good cause for cancellation.*" (emphasis added)

Judge McKinnon held, and we think properly so, that the Commission decided the main issue upon a mistaken view of the law. A discontinuance or non-use is not a cancellation under Rule 9. *It shall be considered good cause for cancellation.* Insofar as cancellation is concerned, Rule No. 9 is not self-executing. The existence of the cause must be determined by the Commission as a basis for an order of cancellation. When a proceeding is heard upon a misapplication or a misinterpretation of pertinent legal principles, "the usual practice with us is to remand the case for another hearing." *Realty Co. v. Planning Board,* 243 N.C. 648, 92 S.E. 2d 82; *Youngblood v. Bright,* 243 N.C. 599, 91 S.E. 2d 559.

The order of the superior court remanding the proceeding to the Utilities Commission for further consideration is supported by the record. This disposition leaves the Commission free to resolve the matters in dispute between the parties.

Affirmed.